UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:24-cv-00033-JPH-MG |
| JEFFRY GOECKE, | ) ) ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**

The United States filed this case in January 2024, dkt. 1, and the Clerk entered default against Defendant Jeffry Goecke in June 2024, dkt. 10. The United States has now filed a motion for default judgment, dkt. [12]. For the reasons below, that motion is **GRANTED**.

Federal Rule of Civil Procedure 55 creates a two-step process for a party seeking default judgment. *See VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). First, the plaintiff must obtain an entry of default from the Clerk. Fed. R. Civ. P. 55(a). Upon default, the well-pleaded allegations in the complaint relating to liability are taken as true. *VLM Food*, 811 F.3d at 255. Second, after obtaining entry of default, the plaintiff may seek a default judgment. Fed. R. Civ. P. 55(b). Here, an entry of default was entered against Mr. Goecke, dkt. 10, and the United States seeks default judgment. The allegations in the complaint, when taken as true, establish liability, so the Court must determine damages. *See* Fed. R. Civ. P. 55(b).

1

While the Court must accept as true allegations relating to liability, "damages must be proved unless they are liquidated or capable of calculation." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). A hearing is therefore required unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007)). Here, the United States seeks $74,369.75 in outstanding tax liabilities plus statutory additions and interest accruing from and after January 31, 2025. Dkt. 12 at 2. These damages can be calculated from definite figures in the United States's evidence, so no hearing is necessary. *See e360 Insight*, 500 F.3d at 602.

In support of the damages sought, the United States offers the affidavit of Cynthia Blaze, a Revenue Officer Advisor with the Internal Revenue Service. Dkt. 12-1. This affidavit includes a table outlining the tax liabilities owed by Mr. Goecke. *Id.* This uncontested affidavit and exhibit are enough to support the United States's damages request. *See e360 Insight*, 500 F.3d at 602; *cf. United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002) ("It is well established in the tax law that an [IRS] assessment is entitled to a legal presumption of correctness—a presumption that can help the Government prove its case against a taxpayer in court.").

Therefore, Plaintiff's motion for default judgment is **GRANTED**. Dkt. [12]. The United States is therefore entitled to $74,369.75 plus statutory

additions and interest accruing from and after January 31, 2025. Final judgment shall issue by separate entry.

**SO ORDERED.**

Date: 4/7/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JEFFRY GOECKE
5835 Linton Lane
Indianapolis, IN 46220

All electronically registered counsel

3